UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>        v.<br><br>LLOYD J. AUSTIN, III, *et al.*,<br><br>    Defendants. | Civil Action No. 24-2143 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe, a veteran of the United States Army, alleges that she was sexually assaulted by a fellow soldier while deployed in Saudi Arabia for Operation Desert Storm in 1990.  See ECF No. 1 (Compl.), ¶¶ 28–29, 33, 37.  A subsequent verbal altercation between Doe and the attacker resulted in her facing court-martial.  Id., ¶¶ 42–47.  She accepted a discharge from the Army in lieu of proceeding with that proceeding; those discharge papers indicate that she left the service "Under Other than Honorable Conditions."  Id., ¶¶ 47–49.  Decades later, she was awarded service-related disability benefits by the "Board of Veterans' A[ppeal]s" based on her diagnosis with Post Traumatic Stress Disorder and its connection to the 1990 sexual assault. Id., ¶¶ 60–63.  She now seeks review of a 2022 decision by the Army Board for Correction of Military Records denying her application to modify her discharge characterization to "Honorable."  Id., ¶ 2.  She has thus sued the Board, Secretary of Defense Lloyd J. Austin, III, and Secretary of the Army Christine Wormuth, id., ¶¶ 13–15, asserting a violation of the Administrative Procedure Act.  Id., ¶¶ 113–39.

Because this suit involves sensitive facts and revealing her identity would cause her and her children psychological harm, Plaintiff filed a Motion to Proceed Under Pseudonym.  See

1

ECF No. 2 (Mot.).  The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,

      [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiff has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.

First, as the Complaint makes clear, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). "Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014); see also Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("Courts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault.") (citation omitted).

This suit is no exception. The Complaint reveals "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as 'sexual activities . . . [and] bodily autonomy.'" Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). In particular, Doe describes the circumstances of her sexual assault, the struggle involved in continuing to work with her attacker after the fact, and her diagnoses resulting from the experience. See, e.g., Compl., ¶¶ 37–40, 47, 56–57. An exhibit to her Complaint, moreover, includes graphic details of the assault. See ECF No. 1-1 (Army Bd. Record of Proceedings) at 1 (stating that assailant "threatened to kill [Doe] while he held a knife to her throat").

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," also counsels granting the Motion. See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). Public disclosure, Doe asserts, is "likely to result in additional psychological trauma" to both her and her children. See Mot. at 6–8. She fears that revealing her identity "may undermine any '[psychological] progress [she] has made' since her attack." Id. at 6 (quoting Cabrera, 307 F.R.D. at 6); see also De Amigos, LLC, 2012 WL 13047579, at *2 ("[P]ublicity could exacerbate the psychological harm that [plaintiff] has already experienced . . . ."). She further points out that "[a]mong veterans who have experienced sexual assault in the military, PTSD and secondary victimization are strongly correlated," which "makes her especially vulnerable to any negative psychologically damaging remarks by the public." Mot. at 7.

To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Doe's name publicly in connection with this litigation poses a risk of harm. See Compl., ¶¶ 56–62, 100; Mot. at 5-6. This factor therefore supports letting Plaintiff proceed under a pseudonym.

The third factor cuts the other way, as Plaintiff does not claim that her case implicates the privacy interests of any minors, see Mot. at 8 (not claiming any affected children are minors), but the fourth and fifth seal the deal for pseudonymity. With respect to the fourth, Plaintiff has sued only governmental actors, and "anonymous litigation is more acceptable when the defendant is a

4

governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 F.R.D. at 8); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Although Doe alleges serious wrongdoing on the part of those governmental actors and "the public has a strong interest in monitoring . . . the positions that its elected officials and government agencies take in litigation," Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) (citation omitted), the public will be able to vindicate that interest here regardless of whether Doe uses a pseudonym because she has filed her lawsuit on the public docket, not under seal.  The fourth factor, accordingly, supports her Motion.  As for the fifth, Defendants would suffer no "risk of unfairness" if the Motion were granted because they already know her identity.  See Mot. at 8–9; In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity).

On balance, although the third factor disfavors Plaintiff, all the others tip the scale toward permitting her to proceed under a pseudonym for now.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

     i. A pseudonymous version of her [2] Motion and any attachments; and

    ii. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 29, 2024